**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4399**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SCOTT LEE MIDKIFF,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:21-cr-00109-1)

───────────────

Submitted:  January 26, 2023                   Decided:  February 7, 2023

───────────────

Before KING and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Joseph F. Adams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Lee Midkiff pled guilty to conspiracy to distribute 50 grams or more of methamphetamine and 40 grams or more of fentanyl, in violation of 21 U.S.C. § 846.[1] The district court attributed 4,459.187 kilograms of converted drug weight to Midkiff, calculated his advisory range under the U.S. Sentencing Guidelines Manual (2021) at 188 to 235 months' imprisonment, and sentenced him to 204 months' imprisonment. On appeal, Midkiff argues that trial counsel rendered ineffective assistance in not providing him copies of the discovery produced by the Government, in misrepresenting the strength of the case against him, and in failing to object to the drug weight attributed to him at sentencing.[2]

This court typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To establish ineffective assistance by trial counsel, Midkiff must satisfy the two-part test set out in *Strickland v. Washington*,

---

[1] Midkiff entered his guilty plea pursuant to a plea agreement waiving his right to seek appellate review of his conviction and sentence but reserving his right to appeal based on a claim of ineffective assistance of counsel. This court previously granted the Government's motion to dismiss Midkiff's appeal in part and dismissed his appellate claim challenging the drug weight attributed to him. *United States v. Midkiff*, No. 22-4399 (4th Cir. Nov. 14, 2022) (unpublished order).

[2] We decline to consider Midkiff's argument that trial counsel also rendered ineffective assistance by making confusing and disparaging remarks about him at the sentencing hearing because this issue was raised for the first time in his reply brief. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

466 U.S. 668 (1984).  He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense."  *Id.* at 687.  After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record.  Midkiff's claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion."  *Faulls*, 821 F.3d at 508.  We therefore decline to address these claims at this juncture.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3